# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **COUNCIL OF ATHABASCAN** | ) | |
| **TRIBAL GOVERNMENTS** | ) | |
| P.O. Box 33 | ) | |
| Fort Yukon, AK 99740-0033 | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **MICHAEL O. LEAVITT**, in his official capacity | ) | |
| as Secretary, | ) | |
| U.S. Department of Health & Human Services | ) | |
| 200 Independence Ave, S.W. | ) | |
| Washington, DC 20201 | ) | |
| | ) | |
| **CHARLES W. GRIM**, in his official capacity as | ) | |
| Director | ) | Civil Action No. _____ |
| Indian Health Service (HQ) | ) | |
| 801 Thompson Avenue, Ste. 400 | ) | |
| Rockville, MD 20852-1627 | ) | **COMPLAINT** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Served:     The Honorable Alberto R. Gonzales
            Attorney General of the United States
            Department of Justice
            950 Pennsylvania Avenue, NW
            Washington, D.C.   20530-0001

            The Honorable Jeffrey A. Taylor
            United States Attorney for the District of Columbia
            Judiciary Center Building
            555 Fourth Street, NW
            Washington, D.C.   20530

**<u>COMPLAINT</u>**

The Plaintiff, for its cause of action against the Defendants named above, alleges as follows:

**INTRODUCTION AND SUMMARY**

1.    This is a suit for breach of contract under the Contract Disputes Act, 41 U.S.C. § 601 *et seq*., for money damages against the United States and the Indian Health Service ("IHS"), an agency in the Department of Health and Human Services ("DHHS").  Plaintiff, the Council of Athabascan Tribal Governments ("CATG"), is a tribal organization that operates public health facilities and provides public health services to Alaska Natives and other beneficiaries pursuant to its agreements with the IHS under the Indian Self-Determination and Education Assistance Act, Pub. L. No. 93-638, as amended, 25 U.S.C. § 450 *et seq*. ("ISDEAA").

2.    Defendants breached CATG's contract by failing to pay the full contract support costs ("CSC") owed to CATG under the ISDEAA and CATG's contract for fiscal year ("FY") 1995.  Specifically, the IHS underpaid indirect costs ("IDC"), a type of CSC that allows contractors to pay for administrative and overhead expenses so that contractors can operate programs at the same level the Secretary would have done.  25 U.S.C. § 450j-1(a)(2), (3).

3.    Defendants breached the contracts by underpaying IDC in two distinct ways. First, the IHS failed to pay the full IDC in FY 1995 as calculated by applying the federally approved IDC rate to CATG's program base.  We refer to this breach as the "shortfall claim." Second, the IHS applied an incorrect IDC rate to begin with, further exacerbating the underpayments.  We refer to this theory of breach as the "miscalculation claim."

4.      CATG's shortfall claim is directly supported by the Supreme Court's ruling in *Cherokee Nation v. Leavitt*, 543 U.S. 631 (2005), where the Court held that the IHS breached tribal contractors' agreements by failing to pay the full CSC required by the ISDEAA, when the IHS had funds available to reprogram from its unrestricted lump-sum appropriation as it did in FY 1995.

5.      Directly supporting CATG's miscalculation claim is the Tenth Circuit Court of Appeals' decision in *Ramah Navajo Chapter v. Lujan*, 112 F.3d 1455 (10th Cir. 1997).  There the court held that the Department of the Interior's method of calculating IDC—the identical method used by the IHS and challenged here—was illegal.

## JURISDICTION AND VENUE

6.      This controversy arises under an ISDEAA contract between the United States and CATG for operation of Indian health programs.  This court has subject matter jurisdiction under the ISDEAA and the CDA.  *See* 25 U.S.C. § 450m-1(a) (providing original jurisdiction to United States district courts, concurrent with Court of Federal Claims, over civil actions for money damages arising under ISDEAA contracts); 41 U.S.C. § 609(a) (granting federal court jurisdiction over CDA claims where action filed within twelve months from receipt of contracting officer's decision).  This court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1362 (civil actions brought by Indian tribe).

7.      On September 2, 2005, CATG faxed and mailed the IHS a letter requesting a contracting officer's decision on the CSC claim for FY 1995.

8.      The IHS contracting officer denied CATG's claim in a letter dated July 17, 2006, which CATG received some days later.  CATG has filed this action for review of the IHS decision within twelve months of receiving the decision, as required by the CDA.  41 U.S.C.

§ 609(a).  Therefore this Court has jurisdiction under the CDA and Section 110 of the ISDEAA. *Id*.; 25 U.S.C. § 450m-1(a).

## PARTIES

9.      Plaintiff CATG is a tribal consortium representing ten Gwich'in and Koyukon Athabascan villages in the Yukon Flats region of Alaska.  For many years, CATG has contracted with the United States under the ISDEAA to provide health care services to Alaska Natives and other beneficiaries.

10.     Defendant United States is a party to every ISDEAA agreement, including those of CATG.  25 U.S.C. § 450*l*(c), Model Agreement § 1(a)(1); Contract No. 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 at 1, line 20B (contracting officer's signature on behalf of United States of America).

11.     Defendant Michael O. Leavitt is the Secretary of Health and Human Services and is charged by law with the responsibility for implementing the ISDEAA with respect to DHHS and IHS.  Each individually named plaintiff is sued in his official capacity.

12.     Defendant Charles W. Grim is the Director of the IHS, the agency within the DHHS charged by law with the responsibility for implementing the ISDEAA and other health laws benefiting Indians.

## STATEMENT OF FACTS

The ISDEAA

13.     During FY 1995, CATG provided health care services to eligible individuals pursuant to a contract entered into with the Secretary of DHHS ("Secretary") and the IHS under Title I of the ISDEAA, 25 U.S.C. § 450f *et seq*.

14.     The ISDEAA authorizes CATG and other tribes and tribal organizations to assume responsibility to provide programs, functions, services and activities ("PFSAs") that the

Secretary would otherwise be obligated to provide.  In return, the Secretary must provide CATG two types of funding under Section 106(a) of the ISDEAA: (1) "program" funds, the amount the Secretary would have provided for the PFSAs had the IHS retained responsibility for them, *see* 25 U.S.C. § 450j-1(a)(1), sometimes called the "Secretarial amount" or the "106(a)(1) amount"; and (2) "contract support costs," the reasonable administrative and overhead costs associated with carrying out the PFSAs, *see id*. § 450j-1(a)(2) and (3).[1]  *See also id*. § 450*l*(c), Model Agreement § 1(b)(4) (funding amount "shall not be less than the applicable amount determined pursuant to section 106(a) of the [ISDEAA]").

15.    There are three types of CSC: (1) start-up costs, which are one-time costs to plan, prepare for and assume operation of a new or expanded PFSA, *see* 25 U.S.C. § 450j-1(a)(5) & (6); (2) indirect costs ("IDC"), costs incurred for a common or joint purpose benefiting more than one PFSA, such as administrative and overhead costs, *see id*. § 450j-1(a)(2); and (3) direct CSC ("DCSC"), expenses directly attributable to a certain PFSA but not captured in either the IDC pool or the 106(a)(1) amount, such as workers compensation insurance or other expenses the Secretary would not have incurred because, for example, the government is self-insured, *see id*. § 450j-1(a)(3)(A).

---

[1] Section 106(a)(2) of the ISDEAA mandates as follows:

> (2)  There shall be added [to the 106(a)(1) amount] contract support costs which shall consist of an amount for the reasonable costs for activities which must be carried on by a tribal organization as a contractor to ensure compliance with the terms of the contract and prudent management, but which—
>> (A) normally are not carried on by the respective Secretary in his direct operation of the program; or
>> (B) are provided by the Secretary in support of the contracted program from resources other than those under contract.

25 U.S.C. § 450j-1(a)(2).

The Shortfall Claim

16.     The ISDEAA requires that, upon approval of the contract, "the Secretary shall add the full amount of funds to which the contractor is entitled under [section 106(a) of the ISDEAA]," including CSC.  25 U.S.C. § 450j-1(g); *see also Cherokee Nation v. Leavitt*, 543 U.S. 631, 634 (2005) ("The [ISDEAA] specifies that the Government must pay a tribe's costs, including administrative expenses.").  As noted above, one component of the required CSC under section 106(a) is IDC funding, which covers administrative and overhead costs, allowing all program funds to be used to provide health care PSFAs for Alaska Natives and other beneficiaries.

17.     For CATG, as for most tribal contractors, the "full amount" of IDC was (and is) determined by multiplying a negotiated IDC rate by the amount of the direct cost base.  *See* 25 U.S.C. § 450j-1(c)(2)-(6) (Secretary to report annually to Congress on IDC rates, direct cost bases, IDC pool amounts, and IDC shortfalls); Indian Self-Determination Memorandum ("ISDM") 92-2 § 5.B(1) (agency circular provision that amount of IDC to be paid "will be determined by applying the negotiated rate(s) to the direct cost base amount for this purpose."

18.     On March 1, 2005, the U.S. Supreme Court held that the amounts available under section 106(a) to pay tribes the full CSC due under their contracts include the IHS's entire unrestricted lump-sum appropriation. *Cherokee Nation v. Leavitt*, 543 U.S. 631, 642-43 (2005). Thus the IHS should have reprogrammed funds to pay the tribal contractors the full CSC due under their contracts for FY 1994 through FY 1997 when Congress appropriated lump sums for the IHS without earmarking an amount for CSC.

19.     However, the IHS took no such action.  Instead the agency underpaid CSC to CATG, as documented in the agency's FY 1995 CSC "shortfall report."  The shortfall reports

were (and are) prepared by the IHS in compliance with ISDEAA section 106(c), which requires

that the agency submit to Congress an annual report on the implementation of the ISDEAA,

including:

> (1)  an accounting of the total amounts of funds provided for each program and the budget activity for direct program costs and contract support costs of tribal organizations under self-determination;
> (2)  an accounting of any deficiency in funds needed to provide required contract support costs to all contractors for the fiscal year for which the report is being submitted....

25 U.S.C. § 450j-1(c).  Each IHS Area Office, including the Alaska Area, prepares a shortfall

report that shows how much, if at all, each tribe and tribal organization in the Area was

underpaid in CSC for the fiscal year.

20.     The FY 1995 shortfall report includes the essential information used to calculate

the shortfalls: the amounts required, the amounts paid, and the difference.  For CATG, the

shortfall report shows a direct cost base of $567,300, and an IDC rate of 76.8%, which yields an

"Indirect Cost Funding Requirement" of $435,686.  But "IDC Funding Available"—i.e., paid—

was only $375,185, resulting in an IDC shortfall of $60,501 as indicated in the IHS report.

<u>The Miscalculation Claims</u>

21.     For CATG and most other ISDEAA contractors, FY 1995 IDC rates were

processed through the Department of the Interior's Office of Inspector General ("OIG").  The

procedure involved producing a ratio between the so-called IDC pool, the amount considered

necessary to run the contractor's entire PFSAs—the numerator—and the total direct funding for

those PFSAs—the denominator.  For ISDEAA funding purposes, once set, the ratio or

percentage was then applied by the Secretary to the IHS portion of the direct cost base, the

denominator, and the resulting figure was then recognized by the IHS as the Indian tribal

contractor's IDC need for the current year.  While the recognized need in CATG's case was not

fully paid—which is the subject of the shortfall claim set forth above—the miscalculation claim asserts that the need was understated to begin with.

22.    Since the inception of the ISDEAA, the Secretary, through OIG (and later Interior's National Business Center ("NBC")), has employed government manuals known as OMB [Office of Management and Budget] Circular A-87, as modified, and OASC-10 to determine the IDC rate.  The method set forth in these manuals requires that all programs run by the contractor be included in the base, including those from other (non-ISDEAA) federal agencies.  For the most part, these other federal agencies do not reimburse IDC as a separate budget supplement, and heavily restrict or forbid the use of program dollars for IDC, i.e. administration.  Meanwhile, for most contractors, the IDC pool, or numerator, remains generally fixed.  This method systematically undercalculates the IDC needed to operate IHS ISDEAA contracts.

23.    In FY 1995, CATG's total direct cost base included funding from non-ISDEAA federal programs, most of which paid little if any IDC.  By including these latter funds in the denominator of the IDC rate calculation, Defendants diluted CATG's rate considerably.

24.    The method set forth in OMB Circular A-87 and OASC-10, and the resulting rates employed by the Secretary, do not accurately determine CATG's true costs of operating the IHS's contracted programs.  In recognition of the miscalculation this method produces, the court in *Ramah Navajo*, *supra*, has required the Bureau of Indian Affairs ("BIA") and OIG (and now NBC) to change their method of calculating IDC rates for BIA ISDEAA contracts.

25.    In addition to miscalculating IDC rates for the base year, OIG and NBC have incorrectly computed carry-forward adjustments under Circular A-87, another error the Secretary has adopted in (mis)applying the funding provisions of the ISDEAA.  Carry-forwards are

computations of over- and under-recoveries of IDC for the base year that lead to adjustments to a future year's rate through positive or negative carry-forwards at the conclusion of the base year. In FY 1995, CATG was not reimbursed its full IDC need, which means CATG incurred an under-recovery (shortfall). In this circumstance, CATG should have been compensated for the IDC shortfall through carry-forward adjustments from at least two separate appropriations: the base year's (current year's), and a future year's. In other words, funding for the base year's IDC is, for CATG, not completed until after services are performed.

26.    Instead, however, Defendants employed theoretical over-recovery carry-forwards to improperly deflate CATG's IDC rate still further.

27.    For CATG, the miscalculations of base year rates and carry-forwards have produced underpayment of IDC, the consequences of which have been severe fiscal problems, diminution of direct program services, and depletion of tribal financial resources, in direct contravention of the purposes and policy of the ISDEAA.

28.    Defendants' use of incorrect and illegal IDC rates and incorrect carry-forward computations violates the mandate of the ISDEAA to pay the full CSC incurred by CATG in carrying out federal health care PFSAs under their contracts. *See* 25 U.S.C. §§ 450j-1(d)(1) and (2); *id*. §§ 450j-1(a)(2) and (g); *id*. § 450*l*(c), Model Agreement § 1(c)(2).

## FIRST CLAIM FOR RELIEF

### Breach of Contract – Shortfall

29.    The allegations in Paragraphs 1-28 are herein incorporated by reference.

30.    In FY 1995, the appropriation act did not restrict the amount of CSC, including IDC, available to the IHS to pay the full need of tribal contractors as required by the ISDEAA. In *Cherokee Nation*, the Supreme Court held that the IHS should have reprogrammed funds from

its unrestricted lump-sum appropriation to pay tribal contractors the full CSC due under their

contracts.  The IHS paid CATG less than its full CSC requirement in FY 1995, as acknowledged

in the IHS shortfall report.  In doing so, the IHS breached its agreements with CATG and

violated the ISDEAA's requirement of full payment from available appropriations, as affirmed

by the Supreme Court in *Cherokee Nation*.  CATG's claim is indistinguishable from those at

issue in *Cherokee Nation*.

31.    As indicated in the IHS's own shortfall report, CATG's CSC requirement for FY

1995 was $435,686, yet the IHS paid far less: $375,185.  Therefore, CATG asserts a claim under

the ISDEAA and the FY 1995 contract for the shortfall of $60,501.

**SECOND CLAIM FOR RELIEF**

**Breach of Contract – Miscalculation Claim**

32.    The allegations in Paragraphs 1-31 are herein incorporated by reference.

33.    Defendants further damaged CATG in FY 1995 by employing the flawed IDC

rate calculation methodology described above and declared illegal in *Ramah Navajo*.

34.    By miscalculating CATG's IDC rate, Defendants damaged CATG in an amount to

be established by the proof, but estimated in the request for a contracting officer's decision to be

$11,143.

**PRAYER FOR RELIEF**

35.    CATG therefore requests the following relief:

A.    That this Court award CATG $71,644 in damages for unpaid CSC;

B.    That this Court order the payment of interest on these claims pursuant to the

CDA, 41 U.S.C. § 611, and the Prompt Payment Act, Chapter 39 of Title 31 United States Code;

- 10 -

C.      That this Court award CATG its attorney fees and expenses pursuant to the Equal

Access to Justice Act, 5 U.S.C. § 504 and 25 U.S.C. § 450m-1; and

D.      That this Court award CATG such other and further relief as the Court deems

appropriate.

Respectfully Submitted,


_____/s/_____
F. Michael Willis (D.C. Bar No. 467462)
HOBBS, STRAUS, DEAN & WALKER, LLP
2120 L Street, NW, Suite 700
Washington, DC  20037
202-822-8282 (Tel.)
202-296-8834 (Fax)

Attorneys for the Council of
Athabascan Tribal Governments

DATED: July 17, 2007.

07-cv-1270
RBW

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Council of Athabascan Tribal Governments | United States of America; Michael O. Leavitt, Secretary of Dept. of Health and Human Services; and Charles W. Grim, Director of Indian Health Service |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**  88888
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

F. Michael Willis (D.C. Bar No. 467462)
Hobbs, Straus, Dean & Walker, LLP
2120 L. Street, N.W., Suite 700
Washington, DC 20037
202-822-8282

Case: 1:07-cv-01270
Assigned To : Walton, Reggie B.
Assign. Date : 7/17/2007
Description: Admn Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**● C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

4

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530** Habeas Corpus-General<br>☐ **510** Motion/Vacate Sentence | ☐ **442** Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **895** Freedom of Information Act<br>☐ **890** Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ **152** Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710** Fair Labor Standards Act<br>☐ **720** Labor/Mgmt. Relations<br>☐ **730** Labor/Mgmt. Reporting & Disclosure Act<br>☐ **740** Labor Railway Act<br>☐ **790** Other Labor Litigation<br>☐ **791** Empl. Ret. Inc. Security Act | ☐ **441** Voting (if not Voting Rights Act)<br>☐ **443** Housing/Accommodations<br>☐ **444** Welfare<br>☐ **440** Other Civil Rights<br>☐ **445** American w/Disabilities-Employment<br>☐ **446** Americans w/Disabilities-Other | ☐ **110** Insurance<br>☐ **120** Marine<br>☐ **130** Miller Act<br>☐ **140** Negotiable Instrument<br>☐ **150** Recovery of Overpayment & Enforcement of Judgment<br>☐ **153** Recovery of Overpayment of Veteran's Benefits<br>☐ **160** Stockholder's Suits<br>☐ **190** Other Contracts<br>☐ **195** Contract Product Liability<br>☐ **196** Franchise | ☐ **441** Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Court from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Breach of contract under the Contract Disputes Act, 41 U.S.C. Section 601 et seq.; Indian Self-Determination Act, 25 U.S.C. 450 et seq.

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐ | **DEMAND $** 71,644 <br>**JURY DEMAND:** | Check YES only if demanded in complaint <br> YES ☐ NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☒ NO ☐ If yes, please complete related case form.

**DATE** July 17, 2007    **SIGNATURE OF ATTORNEY OF RECORD** *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.