UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COUNCIL OF ATHABASCAN TRIBAL GOVERNMENTS,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>      Defendants. | Civil Action No.: 07-1270 (RWR) |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants, the United States of America, *et al.*, respectfully file this Notice to bring to the Court's attention a recent decision by the Court which further supports Defendants' pending dispositive motion, no. [12]. See attached. In Menominie Indian Tribe of Wisconsin v. United States, No. 07-812 (RMC) (Mar. 14, 2008), the Court dismissed certain claims of the plaintiff Indian Tribe on the bases of laches. The claims and posture of the case are similar to those in the instant case, and the decision therefore supports Defendants' laches arguments on pages 17-20 of its pending dispositive motion, and pages 11-14 of Defendants reply in support thereof, no. [14].

March 17, 2008

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

   /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MENOMINEE INDIAN TRIBE OF WISCONSIN, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-812 (RMC) |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION**

        The Menominee Indian Tribe of Wisconsin ("Tribe") operates a health care system for tribal members pursuant to a self-determination contract with the Secretary of the Department of Health and Human Services ("HHS" or "Secretary"). The Tribe sues HHS for alleged breach of contract in the years 1995 through 2004. The Tribe alleges that HHS failed to compensate it fully for indirect contract support costs ("CSC"), despite clear contractual and statutory language in the Indian Self-Determination and Education Assistance Act, 25 U.S.C. § 450, *et seq*. ("ISDA"), to the contrary. HHS insists that it negotiated specific amounts for indirect contract support costs with the Tribe for each year in question and paid those amounts. It asks that the Complaint be dismissed. *See* Dkt. # 6. The Motion will be granted in part and denied in part.

        A.        **Claims Related to 1996 through 1998 CSC Funding are Time-Barred**

        The Contract Disputes Act ("CDA") governs Plaintiff's claims. *See* 25 U.S.C. § 450m-1(d); 41 U.S.C. § 605(a). The CDA is a waiver of sovereign immunity and the time limitations found therein operate as a condition on that waiver. *James M. Ellett Constr. Co. v. United States*, 93 F.3d 1537, 1541-42 (Fed. Cir. 1996). Statutory time limits are jurisdictional in

nature, and courts do not have the power to create equitable exceptions to them. *Bowles v. Russell*, 127 S. Ct. 2360, 2366 (2007).

In 1994, Congress enacted a six-year statute of limitations for Contract Dispute Act claims. 41 U.S.C. § 605(a) ("Each claim by a contractor against the government relating to a contract . . . shall be submitted within 6 years after the accrual of the claim."). Because the Tribe did not raise claims related to its 1996 through 1998 CSC funding within six years of their accrual,[1] these claims must be dismissed for lack of subject matter jurisdiction.[2]

### B.      Claims Related to 1995 CSC Funding are Barred by Laches[3]

"Laches applies where there has been an unfair and prejudicial delay by a plaintiff in bringing an action." *CarrAmerica Realty Corp. v. Kaidanow*, 321 F.3d 165, 171 (D.C. Cir 2003). Laches applies when there is: (1) a lack of diligence by the party against whom the defense is asserted; and (2) prejudice to the party asserting the defense. *Pro-Football, Inc. v. Harjo*, 415 F.3d

---

[1] The Tribe's claims under the 1996 contract accrued by no later than the end of December 1996, and the statute of limitations on these claims expired by the end of December 2002. Plaintiff's claims under the 1997 contract accrued by the end of December 1997, and the statute of limitations on these claims expired by the end of December 2003. Finally, Plaintiff's claims under the 1998 contract accrued by the end of December 1998, and the statute of limitations on these claims expired by the end of December 2004. By its own admission, the Tribe did not submit any of its claims for contract years 1996-98 to the contracting officer until September 7, 2005. *See* Compl. ¶ 8.

[2] The Court is not persuaded by the Tribe's tolling arguments. *See* Pl.'s Opp'n at 30-43. Administrative presentment to the contracting officer is a mandatory jurisdictional requirement, *see Pueblo of Zuni v. United States*, 467 F. Supp. 2d 1099, 1106 (D.N.M. 2006), and was not timely performed by the Tribe for its 1996-1998 claims. Because federal court jurisdiction cannot attach until there has been administrative presentment, tolling does not apply. *See NuFarm Am., Inc. v. United States*, 398 F. Supp. 2d 1338, 1353-54 (Ct. Int'l Trade 2005).

[3] Arguably, the CDA statute of limitations does not apply to the Tribe's 1995 contract because it was signed prior to the passage of the CDA statute of limitations.

44, 47 (D.C. Cir. 2005) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 121-22 (2002)). Both of those elements are met here.

First, the Tribe's cause of action accrued by December 1995 at the latest, when the contract year ended and the Tribe had not been fully paid under the contract. This 11-year delay in bringing suit is nearly double the time allowed under the statute of limitations and is certainly long enough to meet the standards under the first prong of the test for laches. *See, e.g.*, *Mexican Intermodal Equip., S.A. v. United States*, 61 Fed. Cl. 55, 71 (2004).

Second, the Court believes that the Secretary has been prejudiced by the Tribe's delay. *See A.C. Auckerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992) (laches applies when delay causes economic prejudice or injury to defendant's ability to mount a defense). Funding for the 1995 contract year has long since expired and the Tribe "slumber[ed] on its rights" by waiting 11 years to file suit. *See Pro-Football, Inc.*, 415 F.3d at 47. Accordingly, the Court will dismiss any claims related to 1995 CSC funding.

    **C.**     **Claims Related to 1999 through 2004 CSC Funding Survive Defendants' Motion to Dismiss**

In his brief, the Secretary asserts that "ISDA does not mandate the payment of a specific amount of indirect CSC," Def.'s Mem. at 16, and "[i]t is the contracts themselves that create an entitlement to CSC." *Id*. at 17. These statements represent a very troubling misapprehension of the statute. ISDA mandates the payment of *full* indirect CSC and ISDA itself establishes that entitlement. *Ramah Navajo Sch. Bd., Inc., v. Babbitt*, 87 F.3d 1338, 1341 (D.C. Cir. 1996) ("[T]he [ISDA] requires the Secretary to allocate certain Contract Support Funds to cover the full administrative costs the Tribe will incur . . . . [and] which the statute refers to as an entitlement of

the contracting Tribes." (citing 25 U.S.C. § 450j-1(g) ("The Secretary shall add to the contract the full amount of funds to which the contractor [the Tribe] *is entitled* under subsection (a).")). The Secretary is not free to negotiate hard and require the Tribe to accept less than full funding if, as seems likely, the Secretary has more money available. *See* Def.'s Mem. at 18 n.6 ("because IHS has already obligated all but minor amounts of the capped funds" for the years between 1998 and 2004, "no additional CSC funding can be awarded to Plaintiff for those years"). Although the Secretary cannot disburse funds he does not have or amounts in excess of limitations set by Congress, he still has the obligation to fund indirect CSC to the greatest extent possible inasmuch as the statutory promise is full funding.

The Secretary relies on the negotiated terms and his full payment accordingly and does not seem to appreciate his statutory obligations to fully fund indirect CSC insofar as possible. No information is provided to the Court concerning how the Secretary "follow[ed] as closely as possible the allocation plan Congress designed," *Ramah Navajo Sch. Bd.*, 87 F.3d at 1345, when there were insufficient appropriations to allow full funding. Accordingly, Defendants' Motion to Dismiss will be denied as it relates to 1998 through 2004 CSC funding.

A memorializing order accompanies this Memorandum Opinion.

                                                     _____/s/_____
                                                     ROSEMARY M. COLLYER
                                                     United States District Judge

Date: March 14, 2008