IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| COUNCIL OF ATHABASCAN TRIBAL GOVERNMENTS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-1270 (RWR) |
| UNITED STATES OF AMERICA; MICHAEL O. LEAVITT, Secretary of the Department of Health and Human Services; and ROBERT G. McSWAIN, Acting Director, Indian Health Service; | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants, United States of America; Michael O. Leavitt, Secretary of Health and Human Services; and Robert G. McSwain, Acting Director, Indian Health Service, respectfully respond to Plaintiff's Notice of Supplemental Authority, no. [18]. Plaintiff's Notice included two recent decisions by the U.S. Civilian Board of Contract Appeals ("Board"), in cases involving similar contract claims brought by Indian tribes. Plaintiff cites these decisions as support for its opposition to the application of laches, which Defendants raised in their pending dispositive motion because Plaintiff did not bring its claims here until over ten years after they had accrued.

The two Board decisions, which decline to apply laches, would not rebut Defendants' arguments for laches in this case, even if they were controlling on this Court. First, both

Plaintiff's Notice and the Board's decisions suggest that the decision denying class certification in the Cherokee case somehow made plaintiffs' delay in that case reasonable. Plaintiff here claims it relied on the same Cherokee decision in delaying its filing of claims in this case. Plaintiff thus implies that the time limit for filing within a reasonable time was somehow reset by the Cherokee decision.  The class certification decision in that case was handed down in February 2001, however, and Plaintiff here presented its 1995 claim in September 2005 -- more than ten years after it accrued and more *four years* after the denial of class certification in Cherokee. Precedent cited in Defendants' dispositive motion shows that delays as short as three and a half years can constitute unreasonable delay and support laches.  This makes sense because if Plaintiff were relying in good faith on the outcome of the Cherokee litigation, it should have been prepared to move quickly once that decision was rendered.  It is unreasonable for Plaintiff to expect that the Cherokee decision would reset its reasonable time back to zero.

Moreover, Defendants do not concede that Plaintiff properly relied on the Cherokee decision in delaying its claims here, as explained in Defendants' reply memo in support of its dispositive motion.  Indeed, nowhere has Plaintiff explained why it could not have pursued the instant claims here, and then sought to stay them in light of the Cherokee litigation once it was filed and its relevance became apparent to Plaintiff.  Such a course of action would have brought Defendants into the process and given them a direct opportunity to protect their interests and voice their concerns about delay.

As to prejudice, again this Court is not bound by the decisions of the Board, and the facts here are distinguishable.  First, unlike the facts in the Board decisions, the claims of prejudice here are supported by admissible evidence which Plaintiff has not contested.  Moreover, the

prejudice claim here is the increased difficulty in contacting retired or otherwise separated witnesses.  By contrast, the Board decisions discussed counsel's mere allegations of prejudice and described the prejudice as the "unavailability" of witnesses and documents.  While the Board noted that the agency could have preserved relevant documents, the Board failed to consider that it is not feasible to preserve testimony of witnesses prior to their departure or the filing of actual claims.  Here, Defendant does not make the claim that the witnesses will necessarily be unavailable by virtue of their separation, but the odds of that are certainly increased, as are the costs and difficulties in locating and contacting the witnesses, and having them travel back to Washington if necessary.  The Court is not bound by the Board's balancing of the increased difficulties in mounting a defense caused by Plaintiff's ten year delay in bringing its claims; instead, the Court should hold Plaintiff responsible for the unreasonable delay and dismiss its claims.

July 31, 2008                                               Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

   /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

   /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov